# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JACK BRAUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV2002 JCH |
| ) | |
| UNKNOWN MYERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. Named as defendants are the St. Charles County Regional Drug Task Force, as well as individual members of the task force, including detectives Myers, Hovis, Beckman, Nolan and Gatewood. Plaintiff asserts that the members of the drug task force performed an unlawful search, without a warrant or probable cause, on his mother's home, in violation of the Fourth Amendment.

**Discussion**

Plaintiff's claim against the St. Charles County Regional Drug Task Force is legally frivolous because the task force is not a juridical entity suable as such. It is

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. Named as defendants are the St. Charles County Regional Drug Task Force, as well as individual members of the task force, including detectives Myers, Hovis, Beckman, Nolan and Gatewood. Plaintiff asserts that the members of the drug task force performed an unlawful search, without a warrant or probable cause, on his mother's home, in violation of the Fourth Amendment.

**Discussion**

Plaintiff's claim against the St. Charles County Regional Drug Task Force is legally frivolous because the task force is not a juridical entity suable as such. It is

simply a department or subdivision of the county government. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992) (police departments are not suable entities because they are subdivision of city government); see also, Catlett v. Jefferson County, 299 F.Supp.2d 967, 968 (E.D. Mo. 2004).

Additionally, the complaint is silent as to whether the individual defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against the individual defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 3rd Day of January, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE